UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>5 ANCHOR DRIVE,<br>SANDWICH, MASSACHUSETTS,<br>Defendant. | **FILED UNDER SEAL**<br><br>Civil Action No.<br><br>09 CA 12023 RWZ |

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR ENTRY
## OF A POST-COMPLAINT RESTRAINING ORDER

On this date, the United States has filed a civil complaint alleging that the real property located at 5 Anchor Drive, Sandwich, Massachusetts (the "Defendant Property") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides the Court with broad powers to issue orders to preserve property once a civil forfeiture complaint has been filed. In this case, the United States seeks a restraining order to prevent the transfer of the Defendant Property without approval of the Court and to ensure that the value of the Defendant Property is maintained during the pendency of this forfeiture action.

### ARGUMENT

1. The Court has authority to issue restraining orders
   following the filing of a civil forfeiture complaint.

CAFRA vests the Court with wide authority to preserve the availability of property for forfeiture. Section 983(j)(1)(A), the provision governing the granting of restraining orders to

1

maintain and secure property following the filing of a civil forfeiture complaint, specifically provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture–
>
> (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture; . . .

18 U.S.C. § 983(j)(1)(A).

The statutory scheme for post-complaint restraining orders set forth in Section 983(j)(1)(A) echoes that established in the criminal context by 21 U.S.C. § 853(e)(1)(A), the provision governing post-indictment restraining orders in criminal forfeiture cases. In fact, the wording of Section 983(j)(1)(A) almost precisely tracks the language of 21 U.S.C. § 853(e)(1)(A),[1] with the obvious exception that the language

---

[1] 21 U.S.C. § 853(e)(1)(A) provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section–
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;. . .

2

"upon the filing of a civil forfeiture complaint" is substituted for "upon the filing of an indictment or information."  Given these similarities in the two statutes, Section 853(e)(1)(A), and the cases interpreting it, are useful as guides to analyzing Section 983(j)(1)(A).  See United States v. Jones, 160 F.3d 641, 649 n.5 (10th Cir. 1998)(noting that another statute, 18 U.S.C. § 1963(d)(1), "is identical in all pertinent respects to 21 U.S.C. § 853(e)(1)," and "may be used to construe § 853 due to the similarity of the two statutes")(internal citation omitted).  Indeed, a prior version of CAFRA made explicit Congress' intention to extend the existing criminal forfeiture restraining order provisions to the civil context, allowing the Court, before or after the filing of a forfeiture complaint, to "enter any restraining order or injunction in the manner set forth in . . . 21 U.S.C. § 853(e)."  H.Rep. 105-358(1).

The language of the criminal and civil restraining order provisions is straightforward, authorizing the Court to enter a range of orders designed to maintain and preserve the availability of property for forfeiture "upon the filing" of the relevant document commencing the action.  Interpreting this language, the First Circuit has made clear that "under § 853(e)(1)(A), the indictment itself establishes the merits of the government's case" for purposes of obtaining a restraining order.  United States v. Real Property in Waterboro, et al.,

64 F.3d 752, 756 (1st Cir. 1995). The same rule should apply in the civil context, with the probable cause established in the United States' complaint being determinative for the purposes of issuing a post-complaint restraining order. See Real Property in Waterboro, 64 F.3d at 756 ("For the purposes of issuing a restraining order, the probable cause established in the indictment . . . is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based")(quoting 1984 U.S.C.C.A.N. at 3386).

Similarly, as the First Circuit noted in Real Property in Waterboro, the criminal statutory scheme distinguishes between retraining orders sought before a case has been brought, which require specific findings by the Court, and those sought after a case has been brought, which do not. See 64 F.3d at 756. CAFRA applies the same statutory scheme in the civil context. Thus, in contrast to 18 U.S.C. § 983(j)(1)(B), the provision governing the issuance of restraining orders prior to the filing of a civil forfeiture complaint, Section 983(j)(1)(A) does not require any factual determinations by the Court. Instead, the filing of the civil complaint alleging the forfeitability of the property suffices as a basis for a restraining order under CAFRA. This requirement is plainly met in this case, because, as noted above, the United States has filed a complaint alleging that the Defendant Property is subject to forfeiture. The Court may

therefore enter a restraining order under Section 983(j)(1)(A).[2]

    2.    The restraining order sought by the United States serves the interests underlying Section 983(j)(1)(A).

The governmental interests to be considered in fashioning a restraining order are evident from the statutory language: "to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. § 983(j)(1)(A). Upon the conclusion of the forfeiture action, if the United States prevails, the Defendant Property will be forfeited pursuant to 21 U.S.C. § 881(a)(7) as a result of violations of 21 U.S.C. §§ 841, 846 and/or 856. As the Supreme Court has made clear in the analogous criminal context, the purpose of the provision authorizing restraining orders is to ensure that the commands of the substantive forfeiture provision are carried out, that is, that the property remains fully available at the end of the case. United States v. Monsanto, 491 U.S. 600, 612-613 (1989); see In re Billman, 915 F.2d 916, 921 (4th Cir. 1990); United States v. Bollin, 264 F.3d 391, 421 (4th Cir. 2001). Similarly, in the civil forfeiture context, the Supreme Court -- even prior to

---

[2] The United States notes that the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, which govern in rem civil forfeiture actions, also give this Court authority to issue restraining orders. Rule G(7)(a) of the Supplemental Rules provides:

> When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

enactment of CAFRA -- noted that "the Government's legitimate interests at the inception of forfeiture proceedings are to ensure that the property not be sold, destroyed, or used for further illegal activity prior to the forfeiture judgment." United States v. James Daniel Good Real Property, 510 U.S. 43, 58 (1993).

Here, the restraining order sought by the United States serves these interests directly. The proposed order requires the owners or other potential claimants to take certain, basic steps to ensure that the Defendant Property (or its full value) remains available for forfeiture. While these activities are explained in more detail in the attached proposed order, they are summarized below.

First, the proposed order prohibits (except without prior approval of this Court and upon notice to the United States and opportunity for the United States to be heard) the sale or transfer of the Defendant Property. Obviously, if the Defendant Property is transferred, it may not be available for forfeiture. To preserve the interest of the United States in the value of the Defendant Property, if any Court-approved transfer takes place, the proposed order requires that the proceeds be made available as a substitute res. The proposed restraining order also seeks to preserve the Defendant Property by prohibiting the owners from knowingly engaging in or allowing any illegal activity on the

premises.

Second, the proposed order serves the United States' recognized interest in maintaining the full value of the forfeitable property. It requires reasonable precautions to prevent physical damage. Cf. 18 U.S.C. § 2232 (providing up to five years' imprisonment for anyone who knowingly "destroys, damages, [or] wastes" property that is "subject to the in rem jurisdiction of a United States court for purposes of civil forfeiture under federal law," for the purpose of "impairing or defeating the court's continuing in rem jurisdiction over the property"). The proposed order also seeks to prevent diminution of the Defendant Property's value. It requires the owners to perform normal maintenance of the yard and grounds, to maintain fire, flood, and hazard insurance, and to pay taxes.

In addition, the proposed order is narrow in scope. It restrains only the asset that the United States will become entitled to upon the entry of a judgment of forfeiture, that is, the Defendant Property. Moreover, the requested order does not seek seizure of the Defendant Property. The Defendant Property remains under the possession and control of its current owners. The requested order simply provides some restraints to prevent the property from being dissipated or removed from the Court's jurisdiction pending the outcome of this litigation. In sum, the proposed order enables the Court to ensure that the Defendant

Property is secured, maintained and preserved for forfeiture.

CONCLUSION

For the foregoing reasons, the United States respectfully requests the entry of a post-complaint restraining order in the form submitted herewith.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

By: /s/ Rachael S. Rollins
       RACHAEL S. ROLLINS
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3100

Date: November 24, 2009